UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| **EDMUND AWAH** | * | |
|     **Plaintiff** | * | |
| v. | * | Civil Action No. _____ |
| **WELLS FARGO DEALER SERVICES, INC.**, a division of **WELLS FARGO BANK N.A.** | * * | |
|     **Defendant** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## NOTICE OF REMOVAL

Defendant, Wells Fargo Dealer Services, Inc., through its successor by merger Wells Fargo Bank, N.A. ("Wells Fargo"),[1] by its undersigned attorneys, hereby files this Notice of Removal, and pursuant to 28 U.S.C. §§1331, 1332, 1441, and 1446 hereby removes this civil action from the District Court of Maryland for Baltimore County to this Honorable Court, and states as follows:

    1.    On or about February 20, 2015, Plaintiff, Edmund Awah (the "Plaintiff"), filed a seven-count pleading titled "Amended Complaint and Prayer for Jury Trial" (the "Complaint") against Wells Fargo in the Circuit Court for Baltimore County, Case No. 03-C-14-013785 (the

---

[1] *See* Statement of Merger filed with the State Department of Assessments and Taxation attached hereto as **Exhibit A**. The Court may consider matters beyond the Complaint on a Removal Petition. *Medina v. Provident Life & Acc. Ins. Co., 2011 WL 249502* (D.Md. Jan. 24, 2011). Further, the Court may take judicial notice of a public record. *Capel v. Countrywide Home Loans, Inc.*, 2010 WL 457534, \*1, n.5 (D.Md. Feb. 3, 2010).

"State Court Action").[2]  A copy of the Summons, Complaint and any accompanying exhibits filed in the State Court Action are attached hereto as **Exhibit B.**

2. Service was made upon Wells Fargo's resident agent on March 11, 2015. See **Exhibit C** (the Service Log from Corporation Service Company).

3. The Complaint alleges claims for violations of the Maryland Consumer Protection Act (Count 1), the Federal Fair Debt Collection Practices Act (Count 2), the MCDCA (Count 3), applicable Maryland Statutes for "unconscionable" efforts to collect a debt (Count 4), the federal Fair Debt Collection Practices Act (the second Count 4), intrusion upon seclusion (Count 5) and for alleged "fictitious entries on Plaintiff's loan account" (Count 6).

4. Pursuant to 28 U.S.C. §1446(b), this case is removable within thirty (30) days of receipt of service by a defendant. Thus, given the date of service of the Complaint upon Wells Fargo, this Notice of Removal is timely.

5. This Court has federal subject matter jurisdiction over this controversy under 28 U.S.C. §1331, because the Complaint purports to allege claims under the Fair Credit Reporting Act and the federal Debt Collection Practices Act 15 U.S.C. §§ 1681s-2 and 1692g. *See* Complaint ¶¶ 30-31, 38.

6. This Court further has federal subject matter jurisdiction over this controversy under 28 U.S.C. § 1332.

7. Upon information and belief, Plaintiff is a citizen and resident of Maryland.

---

[2] The State Court Action was initiated on December 22, 2014 by the Plaintiff's filing of a Motion to Waive Filing Fee Prepayment. That Motion was denied on December 23, 2014. Thereafter, on February 20, 2015, Plaintiff re-filed his Motion to Waive Filing Fee Prepayment along with the paper entitled "Amended Complaint and Prayer for Jury Trial." The Motion was granted on February 20, 2015 and a summons was issued on the same date. Although the Complaint is entitled "Amended Complaint" it is the only Complaint filed in the State Court Action.

8. Wells Fargo Dealer Services is not a separate corporation, but a division of Wells Fargo Bank, N.A. Thus principal place of business for Wells Fargo Dealer Services is the same as that of Wells Fargo Bank, 101 North Phillips Avenue, Sioux Falls, South Dakota, 57104. See **Exhibit D**.[3]

9. The Supreme Court held in *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 126 S.Ct. 941 (2006), that a national bank is "located," for diversity jurisdiction purposes, in the state designated in its articles of association as the locus of its main office, not in every state where it has branch offices. Accordingly, Wells Fargo is a citizen of the State of South Dakota for diversity jurisdiction purposes.

10. Thus, there is diversity of citizenship between the parties to this action.

11. The amount in controversy requirement of § 1332(a) is satisfied based on the damages sought in connection with Count 3 for violation of MCDCA. In the ad damnum clause for that count, Plaintiff seeks actual damages in the amount of $200,000 plus costs. For all other Counts, Plaintiff seeks compensatory and punitive relief in "an amount to be determined at trial" and punitive damages in the amount of $300,000.

12. Pursuant to 28 U.S.C. § 1367, this Court has jurisdiction over the remaining state law claims asserted in the Complaint.

13. A genuine and authentic copy of all process, pleadings, and orders served upon Wells Fargo in the State Court Action is attached hereto collectively as **Exhibit B**, and has also been provided to the Clerk of the Court with this filing in PDF format on disk, pursuant to the rules of this Court.

---

[3] See n. 1, *supra*, The National Information Center maintains current financial institution information collected by the Federal Reserve System.

14. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal has been served upon all parties and filed with the Clerk of the Circuit Court for Baltimore County (**Exhibit E**).

15. As of the time of filing this Notice of Removal, Wells Fargo has not filed a response or entered an appearance in the State Court Action.

WHEREFORE, Defendant, Wells Fargo, hereby removes this civil action to the United States District Court for the District of Maryland, Northern Division.

Respectfully submitted:

_____
Sarah E. Meyer (Bar No. 29448)
TREANOR POPE & HUGHES, P.A.
500 York Road
Towson, Maryland 21204
Tel: (410) 494-7777
Fax: (410) 494-1658
Email: semeyer@tph-law.com

*Attorneys for Defendant, Wells Fargo Dealer Services, a division of Wells Fargo Bank, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of April, 2015, a copy of the foregoing Notice of Removal was sent by first class U.S. Mail, postage prepaid, to:

Edmund Awah
P.O. Box 1592
Laurel, Maryland 20725

*Plaintiff, pro se*

_____
Sarah E. Meyer