UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>**GEORGE L. RUSSELL, III**<br>United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

October 7, 2015

MEMORANDUM TO PARTIES RE:   Edmund Awah v. Wells Fargo Dealer Services
Civil Action No. GLR-15-1023

Dear Parties:

Pending before the Court are Plaintiff Edmund Awah's Motion in Opposition to Defendant's, Wells Fargo Dealer Services, Inc. ("Wells Fargo"), Notice of Removal ("Motion to Remand") (ECF No. 11), Motion for Leave of Court to Amend Complaint ("Motion to Amend") (ECF No. 12), Motion for Leave of Court to Dismiss ("Motion for Voluntary Dismissal") (ECF No. 18), and Wells Fargo's Motion to Dismiss (ECF No. 14). The Court, having reviewed the pleadings and supporting documents, finds no hearing necessary. See Local Rule 105.6 (D.Md. 2014). For reasons outlined in specific detail below, Awah's Motion to Remand and Motion to Amend will be denied. Awah's Motion for Voluntary Dismissal will be granted, and Wells Fargo's Motion to Dismiss will be denied as moot.

This action arises out of an auto-loan agreement between Awah and Wells Fargo executed on March 12, 2014. Awah alleges he called Wells Fargo on April 2, 2014, advising that, due to anticipated financial challenges, he would pay a lump sum in advance to cover his monthly payments until October 2015. On April 1, 2014, Awah transferred a sum of $5,000 from his checking account to his loan account with Wells Fargo. Wells Fargo allegedly misapplied the lump sum payment and subsequently requested additional payments. Awah alleges Wells Fargo then harassed him for several months for payment on the loan account.

Awah filed a Complaint in the Circuit Court for Baltimore County, Maryland, alleging seven causes of action: violations of the Maryland Unfair or Deceptive Trade Practices Act (Count I), the Fair Credit Reporting Act (Count II), the Maryland Consumer Debt Collection Act (Counts III and IV), and the Fair Debt Collection Practices Act (Count IV[1]); intrusion upon seclusion (Count V); and "fictitious entries on . . . [Awah's] loan account" (Count VI). (See ECF No. 2). On April 10, 2015, Wells Fargo removed this action to this Court based on diversity jurisdiction under 28 U.S.C. § 1332 (2012). (ECF No. 1). On April 15, 2015, Awah filed a Motion to Remand (ECF No. 11) and Motion to Amend (ECF No. 12). Wells Fargo then filed a Motion to Dismiss on April 17, 2015. (ECF No. 14). Awah then filed a Motion for Voluntary Dismissal on May 4, 2015. (ECF No. 18). The Motions are ripe for disposition.

**Motion to Remand**

A federal district court has original jurisdiction over all civil actions between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Here, Awah is a citizen

---

[1] Awah's operative Complaint contains two Count IVs.

of Maryland, and Wells Fargo is a citizen of South Dakota.[2] (ECF No. 1). As for the amount in controversy requirement, in the Motion to Remand, Awah states it is his intention to "place monetary awards levels for all claims in the hands of the Court and the jury." (Mot. to Remand at 4, ECF No. 11). The Court, however, determines diversity jurisdiction as of the date the suit was filed in state court and at the time of removal. See, e.g., Porsche Cars N. Am., Inc. v. Porsche.net, 302 F.3d 248, 255–56 (4th Cir. 2002); Kessler v. Home Life Ins. Co., 965 F.Supp. 11, 12 (D.Md. 1997). Thus, even if "the plaintiff after removal, . . . by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292 (1938); see also Gardner v. AMF Bowling Ctr., Inc., 271 F.Supp.2d 732, 733 (D.Md. 2003) (citations omitted). Awah seeks more than $200,000 in damages. The Court, therefore, has diversity jurisdiction, and the Motion to Remand will be denied.

**Motion for Leave to Amend Complaint**

Awah filed a Motion to Amend and attached a Second Amended Complaint in which he removed all federal claims and amended the damages sought to an unspecified amount, in attempt to remove this Court's diversity jurisdiction under § 1332 and federal question jurisdiction under § 1331. This Court has concluded that Federal Rule of Civil Procedure 15(a), which governs amended pleadings, cannot be used to defeat federal jurisdiction. Faye v. High's of Balt., 541 F.Supp.2d 752, 758 (D.Md. 2008) (citations omitted). The Court will, therefore, deny the Motion to Amend and strike the Second Amended Complaint attached to the Motion.

**Motion for Voluntary Dismissal**

Federal Rule of Civil Procedure 41(a)(2) provides that, after an answer or motion for summary judgment has been filed, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the rule is "to freely allow voluntary dismissals unless the parties will be unfairly prejudiced." Lang v. Mfrs. & Traders Trust Co., 274 F.R.D. 175, 182 (D.Md. 2011) (quoting Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987)). To facilitate that purpose, the rule "permits the district court to impose conditions on voluntary dismissal to obviate any prejudice to the defendants which may otherwise result from dismissal without prejudice." Id. Generally, "[a] plaintiff's motion to voluntarily dismiss a claim should not be denied absent plain legal prejudice to the defendant." Ellett Bros., Inc. v. U.S. Fidelity & Guar. Co., 275 F.3d 384, 388 (4th Cir. 2001). A motion to dismiss under Rule 41(a)(2) also lies within the district court's discretion. Davis, 819 F.2d at 1273.

In assessing the propriety of a Rule 41(a)(2) dismissal, courts typically employ a non-exclusive, four-factor test, including: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of litigation, i.e., whether a motion for summary judgment is pending." Wilson v. Eli Lilly & Co., 222 F.R.D. 99, 100 (D.Md. 2004) (citing Teck Gen. P'ship v. Crown Cent. Petroleum Corp., 28 F.Supp.2d 989, 991 (E.D.Va. 1998)).

---

[2] Wells Fargo Dealer Services, Inc. merged into Wells Fargo Bank, National Association on June 30, 2011. (ECF No. 1-2). Wells Fargo is a South Dakota corporation. (Id.). Accordingly, Wells Fargo Dealer Services is a citizen of South Dakota. (ECF No. 1-3)

Here, the prejudice to Wells Fargo is minimal because the record does not indicate that Wells Fargo has expended much time or incurred great expense. Awah has not engaged in excessive delay or failed to exercise due diligence, as he filed the Motion for Voluntary Dismissal approximately one month after Wells Fargo removed the case from state court.

Plaintiff admits his intention in seeking dismissal is to refile his case in state court. (See Mot. for Voluntary Dismissal, ECF No. 18). The United States Court of Appeals for the Fourth Circuit has held "it is well established that, for purposes of Rule 41(a)(2), prejudice to the defendant does not result from the prospect of a second lawsuit." Davis, 819 F.2d at 1274. Moreover, "the possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation will not serve to bar a second suit." Lang, 274 F.R.D. at 184 (quoting Davis, 819 F.2d at 1274–75). "Ordinarily the mere fact that a plaintiff prefers the state courts ought not to prevent his discontinuing his suit; one court is as good as another." Id. In cases involving state law, federal courts should generally approve of dismissal when a plaintiff wishes to pursue a case in state court. Davis, 819 F.2d at 1275.

Lastly, this matter is in the early stages of litigation. A scheduling order has not been entered, discovery has not commenced, and a motion for summary judgment has not been filed. Although Plaintiff is voluntarily withdrawing his complaint with the intent to refile in state court, and Defendant has filed a Motion to Dismiss, federal courts have held it is proper to allow withdrawal of a complaint under these circumstances absent prejudice to the defendant. See, e.g., Lang, 274 F.R.D. at 184 (holding voluntary dismissal was warranted despite the plaintiff's explicit intention to refile in state court). The Court will, therefore, grant the Motion for Voluntary Dismissal and dismiss the Amended Complaint (ECF No. 2) without prejudice. See Fed.R.Civ.P. 41(a)(2) ("A dismissal under this paragraph (2) is without prejudice.").

For the aforementioned reasons, Awah's Motion to Remand (ECF No. 11) and Motion to Amend (ECF No. 12) are DENIED. Awah's Motion for Voluntary Dismissal (ECF No. 18) is GRANTED. The Amended Complaint (ECF No. 2) is DISMISSED without prejudice. Wells Fargo's Motion to Dismiss (ECF No. 14) is DENIED as moot. Despite the informal nature of this Memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly and CLOSE this case.

Very truly yours,

/s/

_____
George L. Russell, III
United States District Judge